## WILLIAMS vs. McDONAL.

1. CONSTRUCTION OF STATUTE. — It is a well settled rule for construing statutes that particular words ought not to be permitted to control the evident meaning of the context.
2. REPLEVIN — JURISDICTION. — In actions of replevin in justice's court under the territorial statute, which required the officer to ascertain the value of the property by the oath of one or more credible disinterested witnesses whom the officer was to swear to truly assess the value thereof, and which also provided that if on the return of any writ of replevin it should appear that the value of the goods and chattels replevied had been assessed by the *jury* to be of a greater value than the amount over which a justice has jurisdiction, then the

justice should certify the case to the district court; the value which is to determine whether the justice has jurisdiction to try the case is that certified and returned by the officer, and not the value found by a *jury* on a trial before the justice.

(4 Chand., 65.)

ERROR to the Circuit Court for *Walworth* County.

Action of replevin before a justice of the peace. The writ was executed and the persons called by the officer executing it, to ascertain its value, certified the value of the property to be sixty dollars, exceeding the jurisdiction of the justice, and so the officer returned; whereupon the justice certified the case to the late district court.

The counsel for defendant moved, in the district court, to dismiss the case for the reason that the justice had no jurisdiction, the property being of the value of more than fifty dollars. The district court dismissed the case on the ground that it had been prematurely certified to the district court, holding that the value to be the test of the jurisdiction of the justice was the value as assessed and found at the trial before the justice, and not the value assessed upon the execution of the writ. The plaintiff sued out this writ of error.

*Smith, Parker & Jordan,* for plaintiff in error.

*H. S. Winsor,* for defendant in error.

WHITON, J. By the record in this case it appears that the action was replevin, and was commenced before a justice of the peace for the possession of a horse. It also appears that the officer who served the writ caused the property to be appraised before he delivered it to the plaintiff, in conformity to the law then in force (Ter. Stat., p. 335, sec. 5), and that the value of the horse as thus ascertained was sixty dollars.

It further appears that the justice who issued the writ, upon its return to him by the officer, immediately certified the case to the late district court of the territory for the county of Walworth, pursuant to the statutes of the territory. Ter. Stat., p.

336, sec. 10. It further appears that the judge of the district court dismissed the case on motion of the defendant, for the reason that the justice should have retained the case till the value of the property should have been ascertained by a jury at the trial to exceed the sum of fifty dollars. To this decision of the judge the plaintiff in error excepted.

The case turns upon the construction to be given to the two sections of the statute above referred to. Section five provides that the value of the property "shall be ascertained by the oath of one or more credible disinterested persons, whom the officer shall swear truly to assess the value thereof." Section ten provides that if on the return of any writ of replevin, it shall appear that the value of the goods and chattels replevied shall have been assessed by the *jury*, to be of greater value than the amount over which a justice has jurisdiction, then the justice shall within ten days thereafter file the affidavit, bond and writ, and all other papers relating to the case, in the office of the clerk of the district court," etc.

It is manifest that the construction to be given to the word "jury," as used in the section, will determine the question. The judge gave it the ordinary signification, and held that it meant the jury impaneled to try the cause. But we think that the whole section taken together requires that a different signification should be given to it. The section provides that "if on the *return of the writ* it shall appear," etc. The construction of the section given by the judge would require a trial and a finding by the jury upon the merits, before the case could be transmitted to the higher court, although the legislature evidently intended that when the property exceeded in value the sum to which the jurisdiction of the justice extended, there should be no trial before him. We have therefore felt compelled to construe section ten to mean, that in all cases where the property shall have been assessed by the persons mentioned in section five to be of a greater value than the sum over which the justice has jurisdiction, it is the duty of

the justice to send the cause to the district court. It is a well settled rule for construing statutes that particular words ought not to be permitted to control the evident meaning of the context. 1 Kent's Com., 462; *Holbrook v. Holbrook*, 1 Pick., 248.

Judgment reversed.